IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAY LLOYD HARRIS                                                                                        PLAINTIFF

v.                                              Civil No. 6:21-CV-06118

DEPUTY WARDEN RICHARD T. BALL,                                                            DEFENDANTS
DIRECTOR DEXTER PAYNE and DR.
GUY M. HENRY

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A.[1] Under § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on August 10, 2021. (ECF No. 1). Plaintiff alleges that, while incarcerated in the Arkansas Division of Correction ("ADC") Ouachita River Unit, his constitutional rights were violated "around May 20, 2021." Plaintiff alleges that "Richard T. Ball reassigned me without adhering to ADC policies as brought up in multiple grievances. Dexter Payne is ultimately responsible for ADC actions. Guy M. Henry did not note aural phenomenon

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

& severe migraine follow sunlight exposure." (*Id*. at 4). Plaintiff characterizes his claim as a "denial of reasonable accommodation in re sunlight & migraines in accordance with ADC policy and ADA standards." (*Id*.). As to his official capacity portion of the claim, Plaintiff appears to allege that he was removed from an education assignment due to disciplinary actions and was then assigned to a position outside in sunlight "without consideration of my health issues." (*Id*. at 5).

Plaintiff proceeds against Defendants in their official and individual capacities. (*Id*. at 4). He seeks compensatory and punitive damages. (*Id*. at 7). He also seeks return of good time credits which have affected his release date and protests unnamed restrictions. (*Id*.).

## II.  LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting*

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

Plaintiff has failed to allege sufficient facts to state a plausible constitutional claim.  Even under the notice pleading standards of Federal Rule of Civil Procedure 8, a *pro se* plaintiff must allege sufficient facts to support a claim.  *Martin*, 780 F.2d at 1337.  Here, Plaintiff's allegations regarding reassignment without following ADC policy do not raise a constitutional claim.  The other allegations regarding exposure to sunlight are indecipherable and fail to state any claim whatsoever. The Court will not engage in speculation as to what he could be trying to allege.  *See Bell A. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level").

### IV.  CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE because it fails to state a claim upon which relief can be granted.  The dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g).  I recommend that the Clerk be directed to place a § 1915 strike flag on the case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **19th day of October 2021**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE